SLT:CAC
F.# 2010R00407/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

███████████████████████

JONATHAN BRAUN,
ELBI CESPEDES,
JEREMY FISTEL,███████████
███████████████████████
███████████████████████ and
AKIVA SALTZMAN,
    also known as "David,"

    Defendants.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10-433 (S-1)(SLT)
(T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(A)(vii),
841(b)(1)(B)(vii),
841(b)(1)(C), 846,
853(a), 853(p), 952(a),
960(a)(1), 960(b)(1)(G),
960(b)(3) and 963; T.
18, U.S.C., §§ 982,
1956(h), 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Import Marijuana)

1. On or about and between November 1, 2007 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████ JONATHAN BRAUN, ELBI CESPEDES, JEREMY FISTEL, ███████████████████████ ███████████████████████ together with others, did knowingly and intentionally conspire to import a

1

controlled substance into the United States from a place outside thereof, which offense involved 1000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute Marijuana)

2. On or about and between November 1, 2007 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████ JONATHAN BRAUN, ELBI CESPEDES, JEREMY FISTEL, ███████████████████████████████ ███████████████████████████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 1000 kilograms or more of a substance containing marijuana, a Schedule I controlled

substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(Marijuana Importation)

3. On or about May 26, 2010, within the Eastern District of New York and elsewhere, the defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ JONATHAN BRAUN, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(3); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Marijuana Distribution)

4. On or about May 26, 2010, within the Eastern District of New York and elsewhere, the defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ JONATHAN BRAUN, ▇▇▇▇▇▇▇▇▇▇

3

███████████ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(Marijuana Distribution)

5. On or about May 11, 2009, within the Eastern District of New York and elsewhere, the defendants ███████ ██████████████████████████ JONATHAN BRAUN, JEREMY FISTEL and ██████████████████████████████ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Money Laundering Conspiracy)

6. On or about and between November 1, 2007 and May 26, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████ JONATHAN BRAUN, JEREMY FISTEL, ███████████████████████████████ and AKIVA SALTZMAN, also known as "David," together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(vii), 841(b)(1)(C), 846, 952(a), 960(a)(1), 960(b)(1)(G), 960(b)(3) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the

5

proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and (ii) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Canada, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole and in part to avoid one or more transaction reporting requirements under Federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS ONE THROUGH FIVE
(Marijuana Trafficking)

7. The United States hereby gives notice to the defendants charged in Counts One through Five that, upon conviction of one or more of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code,

Section 853, which requires any person convicted of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to, a sum of money equal to the total amount of gross proceeds the defendants obtained as a result of the offense, including, but not limited to, the following:

### Money Judgment

a. a sum of money equal to at least approximately $500,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT SIX
(Money Laundering Conspiracy)

9. The United States hereby gives notice to the defendants charged in Count Six that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to, the following:

### Money Judgment

a. a sum of money equal to at least approximately $500,000,000.00, the total amount of gross proceeds

the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek

9

forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853(p); Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK