

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

TH/RAB
F. #2025R00212

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 14, 2025

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jonathan Braun
                Criminal Docket No. 10-433 (KAM)

Dear Judge Matsumoto:

        The government respectfully submits this letter in response the defendant Jonathan Braun's letter, filed today, in which he (1) seeks dismissal of the charges contained in the Addendum to the VOSR Report dated May 1, 2025 (the "VOSR Addendum"); and (2) requests that the Court disallow hearsay evidence as to Charges 1, 2, and 3 of the Violation of Supervised Release Report dated April 1, 2025 (the "VOSR Report").

        For the reasons set forth below, the Court should reject the defendant's motion to dismiss Charge 8. With respect to Charge 10, the VOSR charge related to unauthorized travel, the government provided the correspondence appended to the defendant's motion to the United States Probation Department and understands that the Probation Department will seek to dismiss Charge 10 tomorrow, an application that the government will join. Lastly, for the reasons set forth below, if the government is unable to secure the testimony of Victim-1 despite efforts to secure his attendance at the hearing, the Court should admit the out-of-court statements by Victim-1.

    I.    Motion to Dismiss Charges in the VOSR Addendum

        A.    Charge 8

        The defendant's request that Charge 8 of the VOSR Addendum be dismissed for failure to provide notice misapprehends the law. The law is clear that after the defendant's arraignment on the new charges in the VOSR Addendum, the government may seek to prove the charge by a preponderance of the available evidence, including through Danelle's prior testimony. As this Court has observed, it is "well-settled that revocation

hearings are not the same as criminal trials and judicial officers have considerable discretion at such hearings in determining the testimony to admit and the manner in which it may be given." United States v. Joseph, No. 18-CR-02 (KAM), 2020 WL 565378, at *3 (E.D.N.Y. Feb. 4, 2020) (quoting United States v. Santos-Ferrer, 111 F. App'x 51, 52 (2d Cir. 2004)). In a similar context, it is common for courts in this District to consider and rely on testimony or evidence adduced at a co-defendant's trial to find that the government has proved certain facts by a preponderance of the evidence at a Fatico hearing, even where counsel for the defendant had no opportunity to confront of cross-examine the trial witness. The Second Circuit has agreed that so doing does not constitute a due process violation. See, e.g., United States v. Carmona, 873 F.2d 569, 574 (2d Cir. 1989) (holding that the district court properly relied on witness's trial testimony at sentencing for defendant who had not been part of that trial and explaining that it is "not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine.").

Here, however, counsel for the defendant had an opportunity to cross-examine Danelle, and did so extensively. Hearing Transcript ("Tr.") 174-85. The defendant now claims that, in light of Charge 8, counsel would have "cross-examined the [victim] in a vastly different manner" regarding the defendant placing the victim's hand on his genitals, Def. Ltr. at 2, and argues that counsel would have confronted the witness on a purported inconsistency with her statements to law enforcement. But counsel did cross-examine Danelle on precisely that point. See Tr. 178 ("Q: Okay. When you spoke to the police, [you] never mentioned that Mr. Braun took your hand and put it on his genitals; is that right?" A: "No on the day, no."). Since the defendant already had an opportunity to cross-examine Danelle, including on her previously-provided statements to law enforcement and the defendant has failed to identify any line of questioning he was unable to pursue, there is no basis to suggest that he is prejudiced by the Court's reliance on Danelle's prior testimony in establishing the factual basis for Charge 8. Even if the Court were to conclude that additional cross-examination on that specific point were warranted, Danelle could be recalled in order to permit counsel to conduct limited additional cross-examination on that point. The government respectfully submits, however, that in light of Danelle's extensive cross-examination, such additional cross-examination is not necessary for the Court to assess her reliability.

B. Charges 9 and 10

The government expects that, in light of the correspondence between the defendant's mother and the Probation Officer previously responsible for the defendant's supervision, the Probation Department will seek to dismiss Charge 10 from the VOSR Addendum. The government will join that application.

The government nevertheless intends to admit Government Exhibit 25, certified records from Foxwoods El San Juan Casino, as relevant to Charge 9. These records demonstrate that the defendant gambled with tens of thousands of dollars although his court-ordered financial obligations have not been fulfilled.

In a footnote, the defendant's letter makes reference to restitution payments and a restitution payment schedule. The government understands that the defendant is likely referring to the court-ordered fine of $100,000. Although the defendant argues that a certain payment schedule was approved by the defendant's prior Probation Officer, the defendant's payment obligations are specifically set forth in the Special Conditions of Supervision appended to the Court's judgment. See Judgment, Docket Entry No. 163.

II.     Victim-1's Sworn Statements and Statements to the Nassau County Police Department Are Admissible at a Revocation Hearing

As set forth in the government's prior letter, the government has made significant efforts to secure Victim-1 and Victim-5's testimony at the hearing. If, notwithstanding those efforts, Victim-1 refuses to comply with a subpoena requiring him to appear, the Court can and should rely on Victim-1's videotaped statement to the Nassau County Police Department and written sworn statement because they are reliable, consistent with each other, and corroborated by independent evidence, including photographs of Victim-1 and Victim-2's injuries. In addition, evidence admitted previously at the hearing reflects, among other things, that (1) the defendant was with Victim-1 and Victim-2 on the date in question; (2) the defendant shouted at Victim-1 and kicked him multiple times; and (3) Victim-1 and his children rushed quickly out of the defendant's house while the defendant continued to shout at them, including using expletives to refer to Victim-1's children.[1]

In sum, there is good cause for the Court to admit the out-of-court statements by Victim-1 if Victim-1 fails to appear at the hearing. See, e.g., United States v. McCourty, 789 F. App'x 232, 233-34 (2d Cir. 2019) (summary order) (affirming the district court's admission of hearsay statements at VOSR hearing where hearsay statements were consistent and where the defendant had a "history of violent conduct that makes reprisal against the declarant a possibility"); United States v. Mosquera, No. 07-CR-140 (DLI), 2013 WL 2396213, at *10 (E.D.N.Y. May 31, 2013) ("As the government made reasonable efforts to

---

[1]     The video also makes clear that the defendant's butler, Justin Dizon, was not able to see Victim-1 and Victim-2 during the entirety of the time they were in the defendant's home. GX13.

find [the witness] and [the witness's] statements are reliable, the government has shown good cause for the admission of [the witness's hearsay] statements into evidence" at a VOSR hearing).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/_____
       Tanya Hajjar
       Rachel Bennek
       Assistant U.S. Attorneys
       718-254-7000

cc:   Kathryn Wozencroft, Esq. (by email and ECF)
      U.S. Probation Officer Heather Clark (by email)