UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,
    Plaintiff,

   —against—

JONATHAN BRAUN,
    Defendant.

-------------------------------------------------------------X

Criminal Docket No. 10-CR-433 (KAM)

**MOTION OF NON-PARTY NEWSDAY TO UNSEAL SENTENCING MATERIALS**

---

**PRELIMINARY STATEMENT**

Non-party *Newsday*, by and through its court reporter Janon Fisher, respectfully moves this Court for an order unsealing (1) the sealed portion of the defense's October 24, 2025 sentencing submission and sentencing memorandum supplement (ECF No. 261 and 269) and (2) the redacted portions of the government's sentencing materials (ECF Nos. 263 and 263-2), or in the alternative, directing the filing of minimally redacted versions consistent with the public's qualified right of access under the First Amendment and common law. Newsday also requests clarification on the nature and purpose of the government's recently submitted sealed document (ECF No. 270). Is it the anonymous letter sent to the court mentioned in previous correspondence, or a supplement to the government's sentencing memorandum? Why is it sealed?

The sealed and redacted materials concern the sentencing of defendant Jonathan Braun following the revocation of supervised release. The defense has invoked medical and rehabilitative considerations, while the government has filed redacted attachments purporting to protect personal identifiers. However, there has been no testimony or record evidence concerning any medical condition, and the redacted filings themselves already identify the individual allegedly protected by the redaction, undermining any privacy rationale.

Given the significant public interest in this case and the Court's reliance on these materials in deciding sentence, continued sealing or excessive redaction violates the strong presumption of openness governing federal sentencing proceedings.

---

**BACKGROUND**

On October 24, 2025, the defense filed a sentencing memorandum (ECF No. 261) requesting a "time served" sentence for Mr. Braun, citing his purported mental health and addiction recovery. The defense requested leave to file an unredacted version of the memorandum under seal "to protect confidential medical information and information related to minor children." It should be noted that Mr. Braun's first sentencing memorandum, filed by his previous defense attorney, mentions his children, particularly his daughter's occupational and speech therapy for her delayed speech and motor skills (ECF No. 136, page 6).

The sealed portions of the more recent sentencing memorandum, however, go beyond personal identifiers. They include arguments and representations regarding Mr. Braun's claimed medical conditions—matters that have not been substantiated by testimony or exhibits at prior hearings. As such, these sealed arguments form part of the record the Court must evaluate at sentencing and are presumptively public.

The government's sentencing submission (ECF No. 263) and attachments, including Exhibit 263-2, also contain redactions purportedly protecting the identity of certain individuals. Yet, as reflected in Exhibit 263-2, the government identifies Mr. Braun's cousin as **"Yisroel Getter."** This undermines any privacy-based justification for redaction, as the name already appears on the public docket.

---

**ARGUMENT**

## I. Sentencing Records Are Judicial Documents Subject to a Strong Presumption of Public Access

The Second Circuit has long recognized that "documents that are relevant to the performance of the judicial function and useful in the judicial process are judicial documents" subject to the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1048 (2d Cir. 1995).

Materials submitted in connection with sentencing are quintessential judicial documents. The First Circuit in *United States v. Kravetz*, 706 F.3d 47, 56–58 (1st Cir. 2013), held that letters, memoranda, and supporting materials considered by a sentencing court are subject to the presumption of public access because they "directly affect adjudication." The same principle governs in this Circuit. *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008).

As the Second Circuit emphasized in *United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir. 2005), "The public and the press have a qualified First Amendment right to attend sentencing proceedings." That right extends to written submissions that form the evidentiary and argumentative basis for sentencing.

## II. The Defense Has Not Demonstrated a Compelling Interest Justifying Sealing

The defense's claim of "medical privacy" is insufficient to overcome the presumption of openness. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986); *Lugosch*, 435 F.3d at 120 (requiring specific, on-the-record findings showing that sealing is essential to preserve higher values and narrowly tailored).

Here, there has been **no testimony or record evidence** introduced at prior hearings substantiating the defendant's alleged medical or psychiatric conditions. Accordingly, the sealed information appears to consist of **counsel's advocacy** rather than confidential medical records. Arguments advanced in mitigation are not entitled to privacy protection; to the contrary, they lie at the core of the public's right to understand the rationale for a judicial decision. See *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014) (public access promotes "the appearance of fairness and the integrity of the judicial process").

## III. The Government's Redactions Are Overbroad and Inconsistent

The government's redactions likewise fail to satisfy the requirement of narrow tailoring. The asserted privacy interest in protecting the identities of family members is contradicted by the government's own filing: **Exhibit 263-2 explicitly identifies the cousin as "Yisroel Getter."** Once a name appears in a publicly filed exhibit, continued redaction of that same information cannot be justified under *Lugosch*'s "higher values" standard.

Furthermore, to the extent the redactions conceal communications or context relevant to sentencing, they impede public understanding of the record on which the Court bases its decision. Courts have consistently rejected such secrecy absent a specific, compelling reason. See *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001) ("The First Amendment right of access is at its zenith when applied to materials directly bearing on the exercise of judicial power.").

## IV. Redaction, Not Wholesale Sealing, Is the Appropriate Remedy

Even where legitimate privacy interests exist—such as specific references to minor children—the Second Circuit requires the use of redactions rather than blanket sealing. *Lugosch*, 435 F.3d at 120. This Court can easily protect sensitive material through limited redactions while preserving the public's access to the substantive arguments and facts relevant to sentencing.

---

**CONCLUSION**

For the foregoing reasons, *Newsday* respectfully moves this Court to:

1. **Unseal** the sealed portion of the defense's October 24, 2025 sentencing memorandum (ECF No. 261);

2. **Unseal or further unredact** the government's sentencing filings (ECF Nos. 263 and 263-2), to the extent they conceal non-sensitive information, including details already publicly disclosed such as the name **"Yisroel Getter"**; and

3. Alternatively, direct the filing of appropriately **redacted versions** that disclose all arguments, facts, and evidence considered by the Court in imposing sentence.
4. Clarify the nature and purpose of the government's sealed letter and unseal it.

The public has a constitutional and common-law right to understand the reasoning and record underlying the Court's sentencing decisions. Narrowly tailored transparency, not secrecy, best serves the interests of justice.

Dated: November 7, 2025
 Melville, New York

Respectfully submitted,

**/s/ Janon Fisher**
 Janon Fisher
 Court Reporter, *Newsday*
 6 Corporate Drive
 Melville, NY 11747
 (646) 591-8732
 janon.fisher@newsday.com

*Non-Party Movant*